■ In the Matter of CARMEN V. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; STEPHEN C., Respondent. (Proceeding No. 1.) In the Matter of AMYAIH H. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; STEPHEN C., Respondent. (Proceeding No. 2.) [54 NYS3d 320]—

Appeal from a temporary order of protection of the Family Court, Queens County (Emily Ruben, J.), dated November 22, 2016. The order, among other things, only directed the father to refrain from committing certain conduct against the children who are the subject of this proceeding and permitted the father to reside in the home with the subject children.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the father is directed to stay away from the subject children in accordance with the terms of a temporary order of protection dated November 10, 2016, pending final determination of the proceeding.

The petitioner commenced these child protective proceedings pursuant to Family Court Act article 10, alleging that the father had neglected the five-year-old child Amyaih H., by slapping her in the face, causing injury to her eye, and derivatively neglected the child Carmen V. The children were released to the custody of the nonrespondent mother, and a temporary order of protection was issued on November 4, 2016, requiring the father to stay away from the subject children and the family home. That temporary order was continued, by temporary order dated November 10, 2016. Upon expiration of the November 10, 2016, order, the Family Court issued another temporary order of protection dated November 22, 2016, which, among other things, permitted the father to reside in the home with the mother and the children on condition that the mother would supervise the father's contact with the children at all times.

Under the circumstances of this case, the Family Court's de-

termination to permit the father to reside with the children on condition that he never be alone with the children and that his contact with the children be supervised by the mother at all times was an improvident exercise of discretion. Given the nature of the allegations against the father, and the evidence in the record that the mother would not provide proper supervision, the court should have maintained the status quo until final determination of the proceeding (*see Matter of Chavah T.*, 99 AD3d 915, 916-917 [2012]). Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.